UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT

15CV6596
JUDGE CASTILLO
MAG. JUDGE BROWN

Richard Taylor
5039 26th Ave P.O Box 345
Kenosha, WI 53141
(Name of the plaintiff or plaintiffs)

v.

SEIU LOCAL 1
Allied Barton
P.O. Box 1180
Londonderry, NH 03053
(Name of the defendant or defendants)

CIVIL ACTION

NO. _____

RECEIVED
JUL 2 8 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Richard Taylor of the county of Kenosha in the state of WI.

3. The defendant is Allied Barton SEIU LOCAL 1, whose street address is P.O BOX 1180 / Northbrook, IL, (city) Londonderry (county) NH (state) NH (ZIP) 03053 (Defendant's telephone number) (847) 460-3210

4. The plaintiff sought employment or was employed by the defendant at (street address) 3710 Commercial Ave #13 (city) Northbrook (county) Cook (state) IL (ZIP code) 60062

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) 7 , (day) 30 , (year) 14 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) 03 (day) 15 (year) 15 .

   (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____ .

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) __3__ (day) __5__ (year) __15__.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☒ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) __3__ (day) __10__ (year) __15__ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

See attached _____

_____

_____

_____

_____

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ Direct the defendant to (specify): _____

_____

_____

_____

_____

(g) ☒  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐  Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_____*Richd Tyl*_____

(Plaintiff's name)

_____Richard Taylor_____

(Plaintiff's street address)

_____5039 26th Ave Kenosha PO_____

_____Box 345_____

(City) Kenosha   (State) WI   (ZIP) 53141

(Plaintiff's telephone number) (242) 748 - 5255

Date: 7/24/15

6

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Richard Taylor<br>5039 26th Ave<br>P.O. Box 345<br>Kenosha, WI 53141 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-01030 | Brandi Kraft,<br>Investigator | (312) 869-8153 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     3/5/15
Julianne Bowman,            *(Date Mailed)*
Acting District Director

Enclosures(s)

cc:   Brian Wallen, Manager, Employment Practices
ALLIEDBARTON SECURITY SERVICES
Eight Tower Bridge
161 Washington St., #600
Conshohocken, PA 19428

t of Employment Security

· TTY: (312) 793-3184

|  |  |
|---|---|
| Date Mailed: | 09/12/2014 |
| Claimant ID: | 3716744 |
| Docket Number: | 1432614 |
| Appeal Filed Date: | 08/21/2014 |
| Date of Hearing: | 09/11/2014 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Chicago |

.CHARD V. TAYLOR
PO BOX 345
KENOSHA, WI 53141-0345

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con su oficina local.)

**Claimant Appellant**
RICHARD V. TAYLOR
PO BOX 345
KENOSHA, WI 53141-0345

**Employer**
ALLIED BARTON SECURITY SERVICES LLC ALLIED BARTON SECURITY SERVICES LLC

Employer's Agent
ALLIED BARTON CORPORATE COST CONTRL
PO BOX 1180
LONDONDERRY, NH 03053-1180

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. The claimant appeared without a representative. The employer appeared without a representative. The issue is: Whether the claimant was discharged for misconduct connected with the work? See 820 ILCS 405/602A. The employer is a party to the appeal.

**Findings of Fact**: The claimant worked as a security officer from 01/01/1996 to 07/29/2014. He received the employer's handbook. He received a warning on 05/03/2002 for sleeping which he contested with the union and was overturned. He received no other warnings.
Someone took pictures of the claimant during the week of July 21st and gave them to the Manager. On 07/29/2014 the employer called him in to ask if he were sleeping and showed him the pictures. The claimant denied sleeping. He was discharged for sleeping.

**Conclusion:** 820 ILCS 405/602A provides that an individual shall be ineligible for benefits for the weeks in which he has been discharged for misconduct connected with his work and, thereafter, until he has become re-employed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks. The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

The preponderance of the evidence failed to prove misconduct. The claimant credibly testified that he was not sleeping, but moving his head around exercising in his chair on his break. The employer witnesses did not observe the claimant. They could ot state what day, week or year the pictures were taken or what time. The person who took the pictures did not testify. The claimant was entitled to a break at no specific time and without punching out. Although the policy states that the claimant could not sleep, even on break, there is insufficient evidence to establish that the claimant was, in fact, sleeping and on what date or time. There is insufficient evidence of misconduct in this case. Therefore, the claimant was discharged for reasons other than misconduct and is not subject to disqualification of benefits under Section 602A of the Act.

**Decision**: The Local Office Determination is SET ASIDE. Pursuant to 820 ILCS 405/602A, the claimant is eligible for benefits, as to this issue only, from 08/03/2014.

MARY LOU ZURAWSKI, Administrative Law Judge

Page 1 of 2

APL01

Allied Barton Security & SEIU
Case 13-CA-133597 & 13-CB-133598

## Confidential Witness Affidavit

I, <u>Richard Taylor</u>, being first duly sworn upon my oath, state as follows:

I have been given assurances by an agent of the National Labor Relations Board (NLRB) that this Confidential Witness Affidavit will be considered a confidential law enforcement record by the NLRB and will not be disclosed unless it becomes necessary to produce this Confidential Witness Affidavit in connection with a formal proceeding.

I reside at 5605 Sheridan Rd, Kenosha, WI 53141

My home telephone number (including area code) is 262-705-2003

My cell phone number (including area code) is 262-748-5255

My e-mail address is mrtaylor56@att.net

I was employed by Allied Barton Security

located at 3710 Commercial Ave., Northbrook, IL 60062RR

1  I began working for Allied Barton Security (Employer) on about June 13, 1996 as Tech
2  Officer (Security Officer). I was terminated on July 30, 2014. At the time of my termination I
3  was a Tech/Flex Office. My duties as a Tech Officer included taking IDs of people on the
4  jobsite, sign guests in and walking on rounds at the building. While employed I work about 60
5  hours per week on average and earned approximately $12.73 per hour. While employed I was
6  assigned to multiple locations where clients had contracts with the Employer for security
7  services. My shift depended on what jobsite I was on. The most recent jobsite I was on prior to
8  my termination I was assigned to the Lakeside Towers, Waukegan, IL (Lakeside). At Lakeside
9  there were three shifts that covered 24 hours. 1st shift at Lakeside was 9am-5pm; 2nd shift 5pm –

**Privacy Act Statement**
The NLRB is asking you for the information on this form on the authority of the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the NLRB in processing representation and/or unfair labor practice cases and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). Additional information about these uses is available at the NLRB website, www.nlrb.gov. Providing this information to the NLRB is voluntary. However, if you do not provide the information, the NLRB may refuse to continue processing an unfair labor practice or representation case, or may issue you a subpoena and seek enforcement of the subpoena in federal court.

- 1 -                                            Initials  RT

Case 13-CA-133597 & 13-CB-133598                                                                8/8/2014

I am being provided a copy of this Confidential Witness Affidavit for my review. I understand that this affidavit is a confidential law enforcement record and should not be shown to any person other than my attorney or other person representing me in this proceeding.

I have read this Confidential Witness Affidavit consisting of 6 pages, including this page, I fully understand it, and I state under penalty of perjury that it is true and correct. However, if after reviewing this affidavit again, I remember anything else that is important or I wish to make any changes, I will immediately notify the Board agent.

Date: __August 8, 2014__     Signature: _____
                                         Richard Taylor

Signed and sworn to before me on ____August 8, 2014_____ at

____Chicago, IL_____

_____
RYAN FENCIK
Board Agent
National Labor Relations Board

- 6 -                                                                Initials: __RT__

Case 13-CA-133597 & 13-CB-133598                                     8/8/2014

1  working with onsite, about the smell. I do not have contact information for Steve G. While we
2  were working Steve G. stated that it smelled at the site and I agreed. I bought cleaner for our
3  desks and Steve bought spray for the smell. I wrote on the incident report about the smell and
4  gave it to Bryant about a week before my termination. The next day, Bryant told me that
5  Noguera did not want me to put how the jobsite smelled on the incident report. I told Bryant that
6  I put it in for a record that everyone was notified. Bryant just told me that Noguera did not want
7  it on the incident report. I told Noguera and Cesar about the guards letting banned people in to
8  the site and losing ID's at the meeting on July 30, 2014.
9
10 I was terminated for sleeping on the job. I was never given a specific date that the incidents
11 occurred. I do not recall sleeping on the job. I believe I was setup by Erik ____ the Field
12 Manager. I think Erik set me up because I am a trouble maker to them because I bring issues up
13 like the smell on the jobsite and other issues on the jobsite. Since the client gets my incident
14 reports, whatever I right in there they will see. I wrote about the smell in the incident report so
15 that the client would be notified and that security would not be blamed for it if something
16 happens.
17
18 I called the grievance center to file a grievance over my termination. The lady (I do not recall
19 her name) that I spoke to said she would give me a call back when she found something out. I
20 spoke to the lady over a week ago. I have not heard back from the Union yet. I have not tried to
21 call the Union back since because I was coming to the Board and I wanted to see if the Union
22 would call me before I came to the Board. As far as I know the grievance is still open.
23

-5-                                            Initials: _RT_

Case 13-CA-133597 & 13-CB-133598                                    8/8/2014

1   1am; and 3rd shift 1am – 9am. At the time I was terminated I was working the 2nd and 3rd shift.

2   The last day I worked I was on 2nd shift.

3

4   SEIU (Union) represents all the tech officers (security) employed by the Employer. I began my

5   membership with the Union around 2001. I have been a member with the Union until my

6   termination. I held a union steward position from about 2001 until I was terminated. As steward

7   I was assigned to represent employees and direct them as to how to file grievances.

8

9   In my charge against the Employer I am alleging that the Employer is urging its employees to

10  join the Union as a mandatory requirement of employment. I have had coworkers that have

11  come to me for years and telling me that the Union is not for them. It is a company policy that in

12  order to work for the Employer, employees have to become a member of SEIU. I was not

13  personally trying to get out of the Union. Around April/May 2014, I spoke to Edward Gonzalez.

14  Gonzalez told me that when he was hired he was told by the Employer that he had to join the

15  Union if he wanted to work for the Employer. I spoke to Gonzalez on a Nestle site in

16  Northbrook. Gonzalez specifically told me that he was told by the Employer that I had to join

17  the Union in order to work for them. Gonzalez told me that he had to sign a card so that Union

18  dues could be taken out of his pay. Gonzalez no longer works for the Employer.

19

20  Around June/July 2014, I spoke to Lloyd Shepherd, who is an officer with the Employer.

21  Shepherd was my relief at Northwestern University. Shepherd came to relieve me from my shift.

22  I told Shepherd that I was going to file this charge and asked if he would tell the Board about

23  being told when he was hired that he has to sign a card to join the Union so that dues can be

**Subject:** court letter
**From:** richard taylor (mrtaylor56@att.net)
**To:** mrtaylor56@att.net;
**Date:** Tuesday, July 21, 2015 12:24 PM

July 2, 2015

Federal Court of District 7
Chicago, IL

Formal Complaint

    This letter is in regarding to wrongful discharge and lack of proper representation of union employee Richard Taylor. During the employment with Allied Barton, Taylor was employed as a Tech Officer. During his services of approx 18 years, he was assigned to work in many locations and with several co-workers.
    It is alleged that management conspired against Taylor with a co-worker (Steve Guzman), possibly requested by Field Manager (Eric X), to take photographs of Taylor during the work hours. Normal operations procedures support approval from Operations Manager, Julio Noguera regarding granted authority for the request of taking pictures.
    Guzman was observed by Taylor taking his photo.
    During the month of July 30, 2014, Taylor was contacted by Scheduler, Cesar Noyola to have a meeting, with an unknown topic. Present in the meeting was Cesar Noyola, Julio Noguerea, and Taylor. Prior to the meeting Taylor contacted the union representative and was informed to attend the meeting without representation. Noyola began the conversation by asking questions about the current site that Taylor was assigned to. What was the situation with Guards not properly signing in people and misplaced identification cards. Taylor shared his opinion on how to assist with making the process run smoother. Noguerea then placed several pictures (photo's of Taylor with his head down and leg extended), inquiring to Taylor, is this you? Taylor did not respond, began to exit the room, and announced the meeting was over. Noguerea then indicated that services would be terminated immediately for sleeping on the job. Taylor left the room and immediately contacted the union to future investigate the information.
    Several weeks afterwards, the union investigation supported that the photos taken were valid and supported Taylor's termination.
    It should be known the during employment ( at least two-years) Taylor seeking medical intervention for a lower back/neck injury. Some of the treatment included home exercises, which were completed during scheduled breaks at work. Additionally, Taylor a personal chair and then purchased an additional office chair to use during work hours, however the site supervisor instructed Taylor that personal chairs could not be used. The Field Manager further shared that budgetary constraints did not support the funds for office chairs.
    I would like to request a U.S. District court attorney appointment. I would also like to request damages of $800,000.00.

Thanks

Richard Taylor
5039 26th Ave PO Box 345
Kenosha, WI 53141